UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY R. SMITH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No. 1:25-cv-1024

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a civil action brought in forma pauperis by pro se Plaintiff Stacey Rendil Smith[1] against the United States of America, the United States Supreme Court, the State of Michigan, the Michigan Supreme Court, the International Court of Justice, the International Criminal Court, the United Nations Security Council, and various other defendants.[2] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 16) on October 2, 2025, recommending that the Court dismiss Plaintiff's Amended Complaint (ECF No. 5) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court agrees for the reasons stated in greater detail below.

---

[1] The Court has reviewed Plaintiff's extensive filing history, and the Court concludes that Plaintiff has a "history of unsubstantial and vexatious litigation amounting to an abuse of the permission granted" to "proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *See Atchison v. Farrell*, 230 F.3d 1357 at *2 (6th Cir. 2000) (citing *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992)). Plaintiff is hereby placed on notice that the Court may properly add Plaintiff to the Restricted Filer list and revoke his privilege to proceed in forma pauperis in the future if he continues to file complaints amounting to "unsubstantial and vexatious litigation." *See id.*

[2] The Magistrate Judge has noted that "Plaintiff's amended complaint is a confusing and largely incomprehensible collection of papers," but the "gist of plaintiff's claim is that Michigan's Sex Offender Registration Act (SORA) violates the United States Constitution and international law," among other allegations (*see* R&R, ECF No. 16 at PageID.313).

Presently before the Court are Plaintiff's Objections (ECF No. 20) to the Report and Recommendation (ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. The Court will deny the objections, adopt the Report and Recommendation, and dismiss the Amended Complaint.

## I. ANALYSIS

### A. Plaintiff's Objections to the Report and Recommendation Lack Merit

Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which his objections are made, violating this Court's rules. *See* W.D. Mich. LCivR 72.3(b). The Court will address Plaintiff's objections *ad seriatim*.

Plaintiff's first "objection" states that the "R&R Misconstrues the Meritorious Nature of Plaintiff's Claims" (Obj., ECF No. 20 at PageID.320). This objection fails to specifically identify, engage with, or demonstrate any defect in the Magistrate Judge's analysis, and the Court concludes that the objection lacks merit. *See* W.D. Mich. LCivR 72.3(b).

Plaintiff's second "objection" states that the "R&R Represents an Attempt to Prevent Justice Through Procedural Maneuvering" (Obj., ECF No. 20 at PageID.320). This objection fails for the same reasons noted by the Court above. *See* W.D. Mich. LCivR 72.3(b).

Plaintiff's third "objection" states "Plaintiff Has Established Precedence for Judgment" in his favor (Obj., ECF No. 20 at PageID.320). Again, this objection fails to specifically identify, engage with, or demonstrate a defect in any relevant portions of the Magistrate Judge's analysis, and the Court concludes that the objection lacks merit. *See* W.D. Mich. LCivR 72.3(b).

Plaintiff's fourth "objection" states that the "R&R Disregards Plaintiff's Right to a Neutral Tribunal" (Obj., ECF No. 20 at PageID.320). This objection fails for the same reasons noted in connection with the three objections discussed above. *See* W.D. Mich. LCivR 72.3(b).

In sum, Plaintiff's objections fail to identify any factual or legal error in the Magistrate Judge's analysis or conclusions. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of the Court and dismiss Plaintiff's Amended Complaint. The Court further concludes that dismissal with prejudice is appropriate given the facts at bar. *See Golf Vill. N., LLC v. City of Powell, Ohio*, 14 F.4th 611, 624 (6th Cir. 2021) (holding that a district court does not abuse its discretion in dismissing an amended complaint with prejudice where a plaintiff does not move for leave to file a second amended complaint); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019) (same); *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("Dismissal with prejudice and without leave to amend is [ ] appropriate when it is clear . . . that the complaint could not be saved by an amendment."); *CNH Am. LLC*, 645 F.3d 785, 795 (6th Cir. 2011) (affirming dismissal with prejudice of initial complaint).

Additionally, for the above reasons and because this action was filed *in forma pauperis,* this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

### B. Plaintiff's Remaining Motions Will Be Dismissed as Moot

Given that Plaintiff's Amended Complaint is properly dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court need not reach the other serial and largely unintelligible motions filed by Plaintiff after the submission of Plaintiff's Amended Complaint and while

3

Plaintiff's objections to the Report and Recommendation were pending (*see* ECF Nos. 8, 12, 15, 18, 21, 23, 27, 29).[3]  These motions will be dismissed as moot and the case will close.

### III.  CONCLUSION

For the foregoing reasons:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 20) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions (ECF Nos. 8, 12, 15, 18, 21, 23, 27, 29) are DISMISSED AS MOOT.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Because this Opinion and Order resolves all pending claims, the Court will also enter a Judgment to close this case.  *See* FED. R. CIV. P. 58.

Dated:  February 3, 2026                           /s/ Jane M. Beckering
                                                    JANE M. BECKERING
                                                    United States District Judge

---

[3] *See, e.g.*, Global Motion on Primary Jurisdiction, Erga Omnes Violations, and Weaponization of Stare Decisis (ECF No. 8); Motion for Mandamus, Transfer of Jurisdiction, and Diplomatic Immunity (ECF No. 12); Motion for Order Named as Global Pleading & International Motion (ECF No. 15); Motion for Order Named as Gross Supremic Ultra Vires (ECF No. 18).